[987 NYS2d 234]

In the Matter of DEREK P. MCDOWELL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, and THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 18, 2014

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts moves to adjudicate the respondent in default with respect to a petition dated March 12, 2013.

The petition contains a single charge, alleging that the respondent converted funds entrusted to him in connection with a real estate transaction.

On June 20, 2013, the respondent was personally served with a copy of this Court's decision and order on motion dated April 26, 2013, inter alia, immediately suspending him pursuant to 22 NYCRR 691.4 (l) (1) (i), and a copy of this Court's decision and order on application dated May 29, 2013, authorizing the Grievance Committee to institute a disciplinary proceeding against the respondent based on the allegations set forth in the petition dated March 12, 2013. To date, the respondent has failed to serve an answer to that petition or request additional time in which to do so.

On September 16, 2013, a copy of the Grievance Committee's motion to hold the respondent in default was personally delivered to the respondent, and copies were mailed to him by regular and certified mail.

To date, the respondent has neither responded to the motion nor requested additional time in which to do so.

Accordingly, the Grievance Committee's motion is granted, the charge is deemed established, and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law. We note that, in an opinion and order in a related disciplinary proceeding commenced against the respondent, this Court granted the Grievance Committee's separate motion to hold the respondent in default in connection with a petition dated January 14, 2013, based on allegations that the respondent failed to submit an answer to a complaint of professional misconduct filed against him by Laurice Mann, and disbarred the respon-

dent effective immediately (*see Matter of McDowell*, 120 AD3d 114 [2014] [decided herewith]).

ENG, P.J., MASTRO, RIVERA, SKELOS and LOTT, JJ., concur.

Ordered that the petitioner's motion to adjudicate the respondent to be in default is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Derek P. McDowell, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Derek P. McDowell, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Derek P. McDowell, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Derek P. McDowell, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).